In the Matter of SHERWIN SELDIN, an Attorney, Respondent. ONEIDA COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, February 13, 1969.

288

*Roger H. Williams* for petitioner.

*Per Curiam.* Respondent was admitted to the Bar on November 14, 1951, by this court.

In 1966 complaints were filed against him by two of his clients. A preliminary investigation was conducted, and on February 16, 1967, respondent was formally charged with violation of canons 29 and 33 of the Canons of Professional Ethics. On June 27, 1967, he was censured by this court.

On August 2, 1968, this court ordered another preliminary investigation upon a petition alleging several acts of misconduct, including the writing and cashing of checks on a nonexistent account. Respondent was served with a certified copy of the order and petition on September 11, 1968, with a request to appear before the Grievance Committee on September 27. On the morning of the hearing he called the Chairman of the committee and requested an adjournment. Because of his failure to keep past commitments, and because witnesses had been subpoenaed, his request was denied. Instead of appearing he submitted a letter advising the committee that he admitted all the allegations set forth in the petition except two of a minor character. The proof adduced at the hearing conclusively established among other acts of misconduct that in June, 1966 respondent had drawn two checks payable to himself on a bank in which his account had been closed in January of that year and cashed them at another bank. This bank later obtained a judgment against respondent for the sum of $746.13.

On October 7, 1968, respondent was formally charged and served with a petition alleging acts of misconduct in violation of canons 12 and 29 of the Canons of Professional Ethics and other pertinent provisions of law and was requested to serve his answer before October 25, 1968, and to appear before this court on October 29. An attorney did appear for him on the latter date and was granted an extension of time to file an answer on or before November 15, 1968. Because of respondent's failure to co-operate, his attorney subsequently withdrew from the proceedings.

A supplemental petition dated November 30, 1968, was served upon respondent setting forth two additional charges of writing and cashing checks on a nonexistent account. One, for the sum of $350, was dated September 16, 1968; this was after he had

been served with the first petition and while this disciplinary proceeding was pending. He completely disregarded the request to serve his answer before December 8, 1968, and to appear before this court on December 11, 1968. He was thereafter served with an order of this court requiring him to file his answer to the petitions or move against them on or before December 23, 1968. Because of respondent's failure to comply with this order, petitioner requested that the proceeding be presented in the January Term as a default matter.

It is unnecessary to repeat and quote all the undenied allegations of misconduct which show a lack of responsibility for respondent's obligations as an attorney. He concededly violated sections 1292-a (issuing fraudulent checks) and 1294 (grand larceny) of the Penal Law (now § 190.05, subd. 1, par. [a]; § 155, subd. 2, par. [c]). These acts, if prosecuted criminally with resulting conviction, would result in automatic disbarment (Judiciary Law, § 90, subd. 4). Respondent has shown such a complete disrespect for the standards of professional ethics that he has demonstrated that he does not possess the moral character and general fitness requisite for an attorney and counselor at law. He should be disbarred.

GOLDMAN, J. P., DEL VECCHIO, MARSH, WITMER and HENRY, JJ., concur.

Order of disbarment entered.